UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
*Electronically Filed*

STUMBO, INC. d/b/a HENDERSON FORD,
**Plaintiff,**

CASE NO. 1-19-cv-00168-GNS

**v.**

COIN DATA, LLC., et. al.,
**Defendants**

---

### PLAINTIFF'S RESPONSE AND OBJECTION TO MOTION TO COMPEL ARBITRATION AND DISMISS [D.N. 4]

---

Comes the Plaintiff, Stumbo, Inc., d/b/a Henderson Ford, by and through Counsel, and for its Response and Objection to Motion to Compel Arbitration and Dismiss, respectfully submits as follows:

### 1. STATE LAW DETERMINES WHETHER THE ARBITRATION CLAUSE ITSELF WAS VALIDLY OBTAINED.

Defendants, in their Motion to Compel Arbitration and Dismiss [D.N. 4], allege that the Federal Arbitration Act is controlling. However, the Supreme Court, and the Sixth Circuit, have made clear that state contract law governs in determining whether the arbitration clause itself was validly obtained. See *Doctor's Assoc., Inc., v. Casarotto*, 517 U.S. 681, 686-687 (1996); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); and *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002).

The assignment contracts that Stumbo, Inc., (Stumbo) representatives signed were executed within the Commonwealth of Kentucky.

The Coin Data assignment states, in pertinent part:

> STUMBO, Inc. dba Henderson Ford (7757121) hereby accepts such
> assignment of this Agreement and assumes all rights, obligations
> and responsibilities of Customer under this Agreement.

The DCS assignment states, in pertinent part:

> STUMBO, Inc. dba Henderson Ford (805668) hereby accepts such
> assignment of this Agreement and agrees to pay DCS all amounts
> due to DCS on or after the Effective Date, and, not withstanding the
> above paragraph, hereby assumes all rights, obligations and
> responsibilities of Dealer under this Agreement, whether before or
> after the Effective Date of this assignment.

The Reynolds assignment states, in pertinent part:

> STUMBO, Inc. dba Henderson Ford (7757121) hereby accepts such
> assignment of this Agreement and assumes all rights, obligations
> and responsibilities of Client under this Agreement.

**See Assignment Contracts attached as Exhibit 1**. All three of the underlying old contracts

contain choice of law provisions. The Coin Data and Reynolds contracts are to be interpreted under

Ohio law, while the Ford Dealer Computer Services, Inc., (DCS) contract is to be interpreted under

Michigan law.

## 2.  THE FEDERAL ARBITRATION ACT IS NOT CONTROLLING BECAUSE A VALID AGREEMENT TO ARBITRATE DOES NOT EXIST UNDER STATE LAW.

Before compelling arbitration under the FAA, courts must determine: (1) whether a valid

agreement to arbitrate exists; and (2) whether the disputed issue falls within the substantive scope

of the agreement.  See *Javitch v. First Union Secs., Inc.,* 315 F.3d 619,624 (6th Cir. 2003), citing

*AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986).

The Defendants' position that the issues of arbitrability raised by Plaintiff are left to the

arbitrator is incorrect.  The Supreme Court has held that there are two types of validity challenges

under the FAA: (1) a challenge to the agreement as a whole; and (2) a challenge to the agreement

to arbitrate.  *Rent-A-Ctr., Inc. v. Jackson*, 561 U.S. 63, 70 (2010).  When the issue raised, such as

2

the one raised by Plaintiff, is the validity of the arbitration clause itself, that dispute is one properly resolved by the court.

Defendants' reliance on *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S.Ct. 524 (2019) is misplaced.  First, as *Henry Schein* points out, "the question of who decides arbitrability is itself a question of contract."  *Id.* at 527.  In the instant matter, the arbitration clauses in dispute contained in the Coin, Reynolds, and DCS contracts do not address the "gateway" questions of arbitrability.  See *Rent-A-Ctr., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010).  "The 'gateway' issue of whether an enforceable agreement to arbitrate exists is generally for a court to decide."  *Dana Ltd. V. Sypris Technologies, Inc.*, 54 N.E.3d 801, 804 (2015).

### 3.   THE GATEWAY ISSUE OF ARBITRABILITY IS PROPERLY DECIDED BY THE STATE COURT.

The "gateway" issue of arbitrability can only be resolved by the courts.  However, given this Court is a court of limited jurisdiction, this matter must be remanded to Warren Circuit Court for resolution of this question.

On or about November 1, 2019, Plaintiff filed a Verified Complaint for Declaratory Relief in the Warren Circuit Court.  In said action, Plaintiff was seeking a declaratory judgment regarding the enforceability of three (3) arbitration clauses in various contracts between Defendants, and Plaintiff's predecessor in interest, Dempewolf, Inc., d/b/a Dempewolf Ford.  Specifically, Plaintiff alleged that an actual controversy exists regarding: whether the arbitration clauses include a valid choice of law and whether the arbitration clauses are unenforceable on the basis of fraud, lack of consideration, lack of mutuality, and/or procedural and/or substantive unconscionability.  Plaintiff also raised the issue that the three (3) arbitration clauses in dispute are not conspicuous and are not mentioned explicitly in the contractual assignments signed by Plaintiff.  Lastly, Plaintiff pointed

out that the arbitration provision contained in the Ford Dealer Computer Services, Inc., contract did not provide any mechanisms for any post-arbitration review.

On or about November 14, 2019, Defendants filed a Notice of Removal to Federal Court [D.N. 1] on the basis of "complete diversity." When a statute, such as 28 USC § 1332, includes a jurisdictional amount requirement, this Court must determine whether the matter in controversy stated in the Complaint exceeds the prescribed amount before it properly assumes jurisdiction over the case. In the instant matter, Defendants have not sustained their burden of proving the amount in controversy is in excess of $75,000.00.

The state court Verified Complaint for Declaratory Relief raised no federal question and did not request any monetary relief. The contracts in question were executed in the Commonwealth of Kentucky. Pursuant to KRS 418.040, any court having general jurisdiction in the Commonwealth may make a binding declaration of rights when it has been illustrated that an actual controversy exists. In the instant matter, the actual controversy is whether the three (3) arbitration provisions at issue are enforceable.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A federal court must resolve any doubt concerning the propriety of removal in favor of state court jurisdiction. The Defendant bears the burden of establishing that removal was proper." *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 757 (6th Cir. 2000). In the instant matter, the Notice of Removal to Federal Court [D.N. 1, Page ID #3] contains only a conclusory statement that "[t]he amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00)." To be clear, the Notice of Removal [D.N. 1] makes no reference to federal question jurisdiction.

The Sixth Circuit has held that "[w]here a party seeks a declaratory judgment, the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (internal quotations omitted).  Moreover, the removing party must provide facts in support of its removal notice.  Conclusory statements alone do not establish the amount of controversy.  See *Garza v. Bettcher Indus., Inc.*, 752 F.Supp. 753, 763-64 (E.D.Mich.1990)(citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) (stating that if a party's allegations of jurisdictional facts are challenged by [the] adversary in any appropriate manner, [it] must support them by competent proof")).  Moreover, "because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006).

In the instant matter, the outcome of the declaratory action filed in state court does nothing to impact the pecuniary interests of either Plaintiff or Defendants.  Rather, the state court Verified Complaint for Declaratory Relief simply requests a determination as to whether Plaintiff should be required to submit to the arbitration process as a matter of law.  The outcome of the declaratory action filed in state court does nothing to resolve the legitimacy of Defendants' underlying breach of contract claims, rather it only seeks to determine the appropriate forum for litigation of those claims.  Thus, the alleged amount of damages by Defendants in support of their breach of contract claims is not dispositive of the inquiry regarding this Court's subject matter jurisdiction pursuant to 28 USC § 1332.

## **CONCLUSION**

In conclusion, the "gateway" issue of arbitrability is a question appropriately resolved by the courts. Moreover, the issue of whether the arbitration provisions in dispute in the instant matter are valid is based on an interpretation of state law, not the Federal Arbitration Act. Thus, since this Court is a court of limited jurisdiction, the question regarding the validity of the arbitration provisions should be remanded for resolution by the state courts, specifically Warren Circuit Court where the underlying Verified Complaint for Declaratory Relief was filed. This is true given the Notice of Removal being premised entirely on diversity jurisdiction, which does not exist because the Defendants have not sustained their burden in providing the amount in controversy is in excess of $75,000.00.

WHEREFORE, the Plaintiff, Stumbo, Inc., d/b/a Henderson Ford, respectfully requests that the relief requested in Defendants' Motion to Compel Arbitration and Dismiss [D.N. 4] be DENIED.

This the 6th day of December, 2019.

BRODERICK & DAVENPORT, PLLC
921 College Street
P.O. Box 3100
Bowling Green, KY 42102
270-782-6700 Phone
270-782-3110 Fax


/s/ David F. Broderick
DAVID F. BRODERICK

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December, 2019, I electronically filed the foregoing with the clerk by using the CM/ECF system and deposited in the ordinary U.S. Mail, to the following:

Hon. John C. Allen
John C. Allen, P.C.
1600 Two Houston Center
909 Fannin Street
Houston, Texas 77010

Hon. Thomas N. Kerrick
Hon. Kyle G. Bumgarner
Kerrick Bachert, PSC
1025 State Street
Bowling Green, KY 42101
tkerrick@kerricklaw.com
kbumgarner@kerricklaw.com

/s/ David F. Broderick_____
DAVID F. BRODERICK